### RUSSELL v. KENDALL et al.

#### (Circuit Court, E. D. Wisconsin. January 5, 1891.)

PATENTS FOR INVENTIONS—ASSIGNMENT—WHAT CONSTITUTES.

Two persons owning interests in certain patents declared, by a written contract, that it was their ·intention in making the contract to perfect and establish in each the sole and entire right to the invention in the states and territories set off to him in a prior contract between the parties. *Held*, that this contract vested the absolute title for the states and territories named in the party to whom they were set off, and he was entitled to sue alone for infringement of the patents therein.

At Law. Action by John H. Russell, assignee of one Ager, (mentioned in the opinion,) to recover damages for the infringement of certain patents. On demurrer to the complaint. Demurrer overruled.

G. W. Hazelton, for plaintiff.
N. C. Gridley, for defendants.

JENKINS, District Judge. Demurrer is interposed to the complaint upon the ground that the complaint shows that one Smith

is in law a joint owner with complainant of the patent in question, and he should be made a party plaintiff. The various agreements between the original patentees, and by which title is claimed to be vested in Ager, are set forth in the complaint, and the question is readily determined upon the construction of two of them. The agreement of December 21, 1872, is the first. It provides that Ager is to complete and perfect his title to the Barter patents, they are to pool their interests, and Ager is to perfect his title to the Barter patent, and thereupon Smith and Ager are to be interested as owners of the two patents, subject to certain rights in Pray. It is then covenanted that the parties are authorized to sell, vend, and dispose of individual and corporate rights to the use of the inventions, improvements, rights, and patents granted, and to be hereafter granted, as aforesaid, but not otherwise to sell or dispose of any state or territorial interest, or of any undivided interest in said patent or inventions, and such sale shall be only within the territorial limits as hereafter agreed upon. This territory, as thereafter agreed upon by the contract, gives to the plaintiff the territory of Wisconsin. In case of failure by Ager to make good his title to the Barter patent, and convey the same to the said Smith within the territory assigned, then the agreement is to be null. Afterwards the two parties made an agreement for acquiring the interest of Pray, by which it was agreed that it was their intention, in making the contract entered into between them and Pray, to perfect and establish in George T. Smith the sole and entire right and title to the invention covered by the contract between Smith and Pray for the states and territories set off to Smith in the contracts between Ager and Smith dated December 23, 1872, and to perfect and establish in Ager the sole and entire right to said invention covered by the contract of June 5, 1872, in and for the state and territories set off to said Ager in the contract between Smith and Ager dated December 23, 1872.

I can come to no other conclusion than that the effect of this agreement is to vest in Russell the absolute title to these patents as to the territory named, and to vest in Smith the title to the territory named as to him, and that, therefore, the demurrer must be overruled, with leave to defendant to answer by the first Monday of February.